IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: 3:26-828 |
| | ) | 33 U.S.C. § 1319(c)(2)(A) |
| | ) | |
| | ) | INFORMATION |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| JOHN LORICK | ) | |

THE UNITED STATES ATTORNEY CHARGES:

At times relevant to this Information:

1. The Defendant, JOHN LORICK, was a citizen of the United States and resident of South Carolina.

2. JOHN LORICK was the Senior Manager for the Saluda Commission of Public Works, which was the entity responsible for operating the Town of Saluda Wastewater Treatment Plant, a Publicly Owned Treatment Works (POTW). JOHN LORICK also served as the lead operator for the POTW.

3. The Clean Water Act (CWA), 33 U.S.C. §§ 1251 *et seq*., establishes a regulatory scheme administered by federal agencies and the states to eliminate pollution of the waters of the United States. The CWA prohibits the discharge of any pollutant into navigable waters except, in relevant part, as in compliance with a permit issued under the National Pollutant Discharge Elimination System (NPDES). 33 U.S.C. §§ 1311(a) and 1342. The EPA delegated authority to the State of South Carolina to administer and enforce the NPDES program in 1975.

4. The State of South Carolina issued NPDES Permit No. SC0022381 (the Permit) to

the Town of Saluda on December 30, 2020. The Permit authorized the POTW to discharge properly treated municipal wastewater into the Little Saluda River, a water of the United States. The Permit required the POTW to comply with all conditions of the Permit and stated that any noncompliance constitutes a violation of the Clean Water Act.

5. All NPDES permits include conditions that will ensure compliance with the Clean Water Act, such as water quality standards, limitations on pollutants in discharged water, requirements for management and disposal of sewage sludge, and monitoring and reporting requirements for permittees. *See* 33 U.S.C. §§ 1311, 1312, 1318, 1342, and 1345. Permit holders must monitor their own permit compliance by collecting and testing discharge samples and must report sampling results to the relevant regulatory agency. NPDES permits also require permittees to properly operate and maintain wastewater facilities in good working order and to take all reasonable steps to prevent pollutant discharges that have a reasonable likelihood of adversely affecting human health or the environment and notify when there is non-compliance with permit conditions.

6. The CWA defines the term "pollutant" to include sewage sludge and biological materials like *E. coli* bacteria.

7. *E. coli* is a species of fecal coliform bacteria that is specific to fecal material from humans and other warm-blooded mammals. Its presence in water tends to indicate fecal contamination of that water. Individuals who come into contact with elevated levels of *E. coli* and other fecal indicator organisms are at an increased risk of getting sick due to potential exposure to fecal pathogens. High levels of *E. coli* bacteria in a water body may also contribute to increased oxygen demand, which may reduce dissolved oxygen levels in the water.

8. Sewage sludge is the semisolid product generated by the separation of liquids from solids in wastewater.

9. The Permit issued to the Town of Saluda imposed standard conditions requiring proper operation and maintenance of the POTW and the duty to take all reasonable steps to prevent pollutant discharges that have a reasonable likelihood of adversely affecting human health or the environment. The Permit also set limits on the concentrations of certain pollutants that could be discharged in the effluent from the POTW into the receiving water, including *E. coli*. If the POTW's monthly average *E. coli* concentrations or daily maximum concentrations exceeded the limits set by the Permit, the POTW would be in violation of the Permit and of the CWA. The Permit required the POTW to take regular compliance samples and report the results to the State of South Carolina in Discharge Monitoring Reports (DMRs).

10. The Town of Saluda POTW was designed and approved to use chlorine to minimize the levels of *E. coli* being discharged in its effluent. Raw sewage entering a treatment plant has high *E. coli* concentrations, so effluent from the POTW must be treated with chlorine to ensure that the POTW meets permitted effluent limitations for *E. coli*. Without a functioning chlorine treatment system to kill *E. coli* bacteria, the POTW would discharge *E. coli* above its permit limitations.

11. The Permit issued to the Town of Saluda also imposed requirements for the handling and disposal of sewage sludge. In addition to minimizing discharges of sludge that may adversely affect human health and the environment, the POTW was required to remove sludge from the facility and dispose of it at a permitted landfill.

12. The Permit issued to the Town of Saluda also included conditions governing any

bypass of raw untreated sewage to the waters of the United States. The Permit required the POTW to minimize bypasses that could adversely affect human health or the environment and, if any bypasses occur, to notify the State of South Carolina to enable public notification and oversight of mitigation.

FAILURE TO PROPERLY OPERATE AND MAINTAIN

13. Beginning in or before December 2023, Saluda POTW employees informed JOHN LORICK that the plant's effluent was not being adequately chlorinated, but he took no steps to repair the system or to notify any regulatory authority of the malfunctioning system. Instead, he instructed at least one employee to make recordings in the POTW operator log as if the chorine disinfection system was working properly.

14. Beginning in or before January 2022, the belt press system for dewatering sludge ceased functioning. JOHN LORICK was aware that the belt press system was not functioning but took no steps to repair it or utilize other acceptable means of removing sludge from the POTW. Instead, JOHN LORICK and plant employees working on JOHN LORICK's instruction routinely allowed sludge to build up in the POTW until it was discharged into the receiving waters. From approximately 2022 to March 2025, the POTW disposed of sludge primarily by allowing it to discharge to waters of the United States.

15. Beginning in or before January 2022 to January 2025, JOHN LORICK tampered with compliance samples by diluting them with tap water or decanting samples to prevent sludge in the sample jar from entering to sample bottles sent to the laboratory. He also falsified DMRs

required by the Permit with the intent to conceal the elevated *E. coli* concentrations that he knew would be present in the POTW's effluent.

16. Beginning on July 27, 2025, and continuing into July 28, 2025, the POTW influent clamber became blocked causing untreated sewage to enter the waters of the Untied States via an unpermitted bypass channel. Beginning in or before 2023, the Saluda POTW used the bypass 10 to 12 times a year due to operational failure, malfunctions, or inflow and infiltration. JOHN LORICK was aware the bypasses were occuring and took no steps to report the bypasses to the State of South Carolina.

<u>COUNT ONE</u>
(Knowing Violation of NPDES Permit)

17. The allegations contained in paragraphs 1 through 16 of this Information are incorporated herein by reference.

18. Beginning in or before January 2022 and continuing until July 2025, in the District of South Carolina, the Defendant, JOHN LORICK, knowingly violated conditions and limitations implementing Sections 301, 302, 318, and 405 of the Clean Water Act in a permit issued under Section 402 of the Clean Water Act by failing to properly operate the Town of Saluda POTW's chlorine disinfection system; failing to properly remove and dispose of sewage sludge; routinely discharging sludge and untreated sewage into the Little Saluda River, a water of the United States; and routinely falsifying sampling results and records required by the Permit;

All in violation of Title 33, United States Code, Section 1319(c)(2)(A).

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: ______________________
Winston D. Holliday Jr. (Fed ID No. 7597)
Assistant United States Attorney
United States Attorney's Office
1441 Main Street, Suite 500
Columbia, SC 29201
Telephone 803-929-3000
Facsimile 803-256-0233
Winston.holliday@usdoj.gov